# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARBARA A. ADAMCZYK,<br>Appellant, | DOCKET NUMBER<br>NY-844E-14-0007-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: December 3, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul M. Pochepan, Esquire, Buffalo, New York, for the appellant.

Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision finding that the appellant is not entitled to disability retirement benefits under the Federal Employees' Retirement System (FERS). Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In an appeal from an OPM decision denying a voluntary disability retirement application, the appellant bears the burden of persuasion by a preponderance of the evidence. *See Chavez v. Office of Personnel Management*, 111 M.S.P.R. 69, ¶ 6 (2009); 5 C.F.R. § 1201.56(a)(2). To be eligible for a disability retirement annuity under FERS, an employee must have completed at least 18 months of creditable civilian service, must be unable, because of disease or injury, to render useful and efficient service in her position, and must not have declined a reasonable offer of reassignment to a vacant position in the agency at the same or greater grade or pay level in the employee's commuting area in which she is able to render useful and efficient service. 5 U.S.C. § 8451(a); *see* 5 C.F.R. § 844.103(a). OPM's implementing regulations further require that the disabling medical condition be expected to continue for at least 1 year from the date the application is filed and that accommodation of the condition in the appellant's position be unreasonable. 5 C.F.R. § 844.103(a)(3)-(4). The Board has held that there are two ways for an appellant to demonstrate that because of

disease or injury, she is unable to render useful and efficient service or retention in the position:  (1) by showing that the medical condition caused a deficiency in performance, conduct, or attendance; or (2) by showing that the medical condition is incompatible with either useful and efficient service or retention in the position.  *See Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013).

¶3        Under the first method discussed above, an appellant can establish entitlement by showing that her medical condition affects her ability to perform specific work requirements, prevents her from being regular in attendance, or causes her to act inappropriately.  *Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 8 (2012).  Under the second method, an appellant can show that the medical condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting.  *Id.*  Regardless of the particular method of establishing an inability to render useful and efficient service, the burden of proof in every case is by a preponderance of the evidence, i.e., more likely true than not.  *Id.*; 5 C.F.R. § 1201.56(a), (c)(2).

¶4        Here, the appellant, a former employee of the Postal Service, filed an appeal challenging OPM's denial of her application for disability retirement benefits on the basis that the evidence did not show that she had a disabling condition.  Initial Appeal File (IAF), Tab 1.  The record reflects that the appellant received a career appointment to the position of Mail Processing Clerk on January 17, 1987, and her last day in a pay status was August 7, 2009.[2]  The record also reflects that the

_____

[2] On August 25, 2009, the agency proposed the appellant's removal based on a charge of failure to be regular in attendance.  IAF, Tab 5 at 15.  The proposal notice referred to the appellant's prior disciplinary record for failure to be regular in attendance, i.e., (1) a letter of warning issued to her on November 18, 2008; (2) a 7-day "no time off" paper suspension on January 15, 2009; and (3) a 14-day suspension on June 8, 2009.  *Id.* Because the appellant filed a grievance, the agency retained her in a non-duty status on its rolls until her union decided not to proceed to arbitration and her removal was effected on July 31, 2011.  *See* IAF, Tab 10, Tab 5 at 82.  On February 14, 2012, the appellant filed an application with the Social Security Administration (SSA) in which she stated that she became disabled on July 31, 2011.  IAF, Tab 5 at 79.  SSA

appellant has sporadically received treatment for depression since 1993. IAF, Tab 5. On appeal, the administrative judge affirmed OPM's reconsideration decision, finding that the appellant failed to establish entitlement to disability retirement benefits under FERS. IAF, Tab 23, Initial Decision (ID).

¶5    On review, the appellant challenges the administrative judge's determination that the medical documentation lacked objective evidence, and thus, was insufficient medical evidence to establish an entitlement to disability retirement benefits. Petition for Review (PFR) File, Tab 3 at 5. The appellant argues that treatment notes and medical records are not required to establish a disability and she asserts that medical summaries and/or reports are sufficient in place of treatment notes. *Id*. at 6. The appellant contends that there are no laboratory tests or physical examinations that exist to diagnose some psychological disorders. In her case, the appellant contends that she has provided medical records from her primary care physician, psychiatrist, and psychologist, showing that she has a long-standing major depression disorder with records dating back to 1993. She asserts that, as early as 2001, she was diagnosed by a psychiatrist with major depression, recurrent. *Id*. at 7. The appellant also asserts that the record includes a summary from psychotherapy treatment dated January 27, 2014, which shows she was first treated by Suburban Psychiatric Associates in 2006 for anxiety and depression related to her job, that she had received medical leave under the Family and Medical Leave Act of 1993, and that she had worked an altered work schedule. *Id*. In addition, the appellant asserts that the Board can consider medical evidence which post-dates separation from federal service, and she contends that the January 27, 2014 medical summary refers to treatment from 2006 and that it summarizes the steps and treatment prescribed to

subsequently denied the appellant's application for disability insurance benefits finding that, while the record indicated that the appellant was depressed, it did not show that she was disabled. IAF, Tab 10.

treat her major depression, along with commenting on her inability to continue to work. PFR File, Tab 3 at 9-10.

¶6      We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence, but we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-106 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). As the initial decision reflects, the administrative judge thoroughly considered all of the record evidence. *See* ID at 4-13. The administrative judge found that, while the evidence shows that over the years the appellant has been diagnosed several times with major depression, the record does not support a finding that the appellant's depression could not be managed with treatment. ID at 12. Rather, the administrative judge found that the documentary evidence shows just the opposite. ID at 12.

¶7      Specifically, the administrative judge found that, during the periods when the appellant was under the care of her doctors, the medical notes and summaries reflect that her doctors concluded that she could return to work. ID at 12. The administrative judge also found <u>no</u> evidence that the appellant could not perform the duties of the Mail Processing Clerk, i.e., that she made errors in her work, that she needed any assistance in her work, or that she had received complaints about her work. ID at 12. The administrative judge found that the only problem the agency had with the appellant was her attendance. ID at 12. As to medications, the administrative judge found that, even though various antidepressants have been prescribed for the appellant, medical notes indicate that there were times when the appellant stopped taking the medication. ID at 12; IAF, Tab 5 at 41, 60/94. The administrative judge further found that, even considering the most

recent medical summaries from Suburban Psychiatric Associates where the appellant was seen by a social worker on June 5, 2013, November 4, 2013, and January 27, 2014, the social worker stated that the appellant felt depressed; her thought processes demonstrated coherence; her attention span and concentration were normal; and her judgment and insight were intact. *See* ID at 11; IAF, Tabs 7, 16. Moreover, the social worker described the appellant's condition as major depressive disorder (recurrent, chronic), and he reported that her score was 64 on the Global Assessment of Functioning (GAF) scale.[3] IAF, Tabs 7, 16. As the administrative judge correctly found, a score of 64 indicates that the appellant has some mild symptoms but generally functions pretty well. ID at 9. The administrative judge found that the appellant did not apply for disability retirement until after her union advised her against proceeding to arbitration, noting that the Board has held that the probative weight is reduced when an appellant does not apply for disability retirement until after receiving the agency's notice of proposed removal. *See Tan-Gatue v. Office of Personnel Management*, 90 M.S.P.R. 116, ¶12 (2001), *aff'd*, 52 F. App'x 511 (Fed. Cir. 2002).

¶8        While the appellant argues on review that the administrative judge failed to provide serious consideration and appropriate probative weight to her subjective evidence of disability, we disagree. An appellant's subjective evidence of disability must be seriously considered when it is supported by competent medical evidence, i.e., qualified medical opinions based on reported symptoms. *See Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 18 (2009).

---

[3] The Global Assessment of Functioning (GAF) Scale (From DSM-IV-TR) rates an individual's psychological functioning on a scale of 0 to 100, with 1 indicating the most severe problems and 100 indicating superior functioning. The GAF specifies that scores between 61 and 70 indicate "[s]ome mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." *See* Diagnostic and Statistical Manual of Mental Disorders, 4th Edition, Text Revision, DSM-IV-TK, p. 34.

Here, however, we agree with the administrative judge that there is no competent medical evidence to support the appellant's subjective evidence, which consists of written letters from the appellant, her father, and a former coworker, to show that she became disabled in July 2009 due to depression. *See* IAF, Tab 1 at 11, 20. Accordingly, because there is no competent medical evidence in the record to support the appellant's claim of debilitating depression, the appellant has failed to show that the administrative judge erred in affirming OPM's reconsideration decision. Thus, the applicable law and the record evidence support the administrative judge's finding that the appellant has not established entitlement to disability retirement benefits under FERS. Therefore, we discern no reason to disturb these explained findings. *See Crosby*, 74 M.S.P.R. at 106; *Broughton*, 33 M.S.P.R. at 359. Therefore, we affirm the initial decision and OPM's reconsideration decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.